## Hibbitt, &c. *vs* Spurrier.

APPEAL FROM THE JEFFERSON CIRCUIT.

*Execution sale. Equity of redemption. Right of redemption.*

JUDGE BRECK delivered the opinion of the Court.

MOTION.

Case 127.

May 23.

The case stated.

HIBBITT mortgaged a house and lot in the city of Louisville, to Summers, for about $2000. The mortgage was dated in 1836, and duly recorded.

In July, 1841, Hibbitt's equity of redemption in the lot, &c. was sold under execution, for about $200, and purchased by one Kenney.

In November, 1841, Spurrier had issued and placed in the Sheriff's hands an execution in his favor, against Hibbitt and Cox, for about $500. Hibbitt, in a writing signed by him upon this execution, directed the Sheriff to levy it upon his equity of redemption in the lot, &c. mortgaged to Summers, and sell the same on the 1st Monday in December. The sale was made accordingly, and Spurrier became the purchaser, for the whole amount of his execution.

In November, 1842, Spurrier moved the Court to quash the sale made under his execution and the return of the Sheriff thereon. The motion was made upon notice to Hibbitt and Cox, executed upon them after September, 1842. The grounds upon which the motion was to be made, as stated in the notice, were, that the equity of redemption of Hibbitt in the lot had been previously sold under execution, and of which he, Spurrier, was ignorant. And secondly, because the Sheriffs return upon the execution was too indefinite as to the time of the sale, not stating the day.

The Court sustained the motion and quashed the return and sale; from which judgment Hibbitt and Cox have appealed to this Court.

In addition to the facts which we have noticed, it was in proof upon the hearing of the motion, that the Sheriff

who made both the sales of Hibbitt's equity in the lot, had several conversations with Spurrier upon the subject of his execution, informing him of the incumbrances upon the lot, and that Hibbitt's equity of redemption had been sold, stating the execution under which it was sold, and who was the purchaser; that his impression was, Spurrier told him to levy upon the property, and he would attend and purchase it and pay off the incumbrances; that he did attend and became the purchaser; that the property, at the time of the sale, was worth $6000.

In view of all the testimony, we are of opinion the Court erred in quashing the sale.

Under the execution law of 1828, (1 *Stat. Law,* 653,)
the interest of Hibbitt in the lot, subject to the mortgage, was sold under the first execution, in July. The same act gave Hibbitt a right to redeem within twelve months. That right was a transferable equity which, although it may not have been subject to coercive sale under execution, Hibbitt, nevertheless, could, and we think did surrender to the Sheriff to be subjected to sale under the execution of Spurrier, who, with a knowledge of the previous sale, and of the incumbrances upon the property, became the purchaser. By his purchase he acquired the right of Hibbitt to redeem within the year from the first sale, an equity which a Court of Chancery would have enforced, and which, from the testimony, would have afforded an adequate indemnity for his claim. He announced his intention previous to the sale, to become the purchaser and to pay off the incumbrances, the extent of which was made known to him. It does not appear that he was deceived or deluded as to the nature and extent of the previous liens upon the premises. He indicated no dissatisfaction with his purchase, no wish to abandon it, till nearly a year after his purchase, and not until the period had elapsed in which he had a right to redeem from the purchaser under the first sale of July, 1841.

Under such circumstances, we perceive no justice or propriety in setting aside the sale. Whether the depreciation of the property in value rendered the right to redeem valueless, or whether the right was forfeited by oversight or neglect, we consider wholly unimportant; it

The right of redemption after the sale of the equity of redemption of mortgagor is a transferable equity, and a creditor causing a levy of execution thereon and a sale thereof, and buying himself, knowing all the facts, will not be allowed to quash such sale.

is sufficient that it does not appear that any blame or fault in the transaction is to be attached to either Hibbitt or Cox. The Sheriff was properly permitted to amend his return upon the execution of Spurrier, by inserting the day on which the sale was made.

We are, therefore, of opinion that the judgment of the Court, quashing the return and sale, be reversed, and that the cause be remanded with directions to dismiss the motion.

*Guthrie* for appellants: *Cates & Lindsey* for appellee.